IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
NORTHERN DIVISION

| | |
|---|---|
| DISCOVER BANK and DFS SERVICES LLC, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | No. _____ |
| ) | |
| JOHN M. RICHARDSON, JR., STEVEN T. ) | |
| RICHARDSON, AND JOHN M. ) | |
| RICHARDSON, JR., P.C. D/B/A THE ) | |
| RICHARDSON LAW FIRM, ) | |
| ) | |
| Defendants. ) | |

## COMPLAINT

Plaintiffs Discover Bank and DFS Services LLC (hereinafter collectively "Discover" unless identified individually), for their Complaint against Defendants John M. Richardson, Jr., Steven T. Richardson, and John M. Richardson, Jr., P.C. d/b/a The Richardson Law Firm ("Defendants") state as follows:

Introduction

1. This action for damages arises out of the Defendants' representation of Discover in connection with a case styled *Discover Bank v. Joy A. Morgan,* Sevier Co. Circuit Court Case No. 2006-172-II (hereinafter the "Morgan Case"). The Morgan Case was a collections action that Defendants filed on behalf of Discover, but Discover's Complaint was eventually dismissed and a default judgment was entered against Discover on Morgan's Counter-Complaint due to the negligence of the Defendants.

1

## Parties and Jurisdiction

2. Plaintiff Discover Bank ("Discover Bank") is a Delaware-chartered bank with its principal place of business in New Castle, Delaware. Discover Bank is the issuer of the Discover Card.

3. Plaintiff DFS Services LLC ("DFS") is a Delaware LLC with its principal place of business in Riverwoods, Illinois. DFS is an affiliate of Discover Bank and retains counsel to file suit to collect on Discover Bank's delinquent accounts.

4. Defendant John M. Richardson, Jr. is an attorney licensed to practice law in Tennessee who maintains an office for the purpose of practicing law at 403 Madison Street, Clarksville, Tennessee 37040. Defendant John M. Richardson, Jr. is a citizen and resident of Tennessee.

5. Defendant Steven T. Richardson is an attorney licensed to practice law in Tennessee who maintains an office for the purpose of practicing law at 403 Madison Street, Clarksville, Tennessee 37040. Defendant Steven T. Richardson is a citizen and resident of Tennessee.

6. Defendant John M. Richardson, Jr., P.C., d/b/a The Richardson Law Firm is a professional corporation organized under the laws of Tennessee with its principal place of business at 403 Madison Street, Clarksville, Tennessee 37040.

7. There is complete diversity of citizenship between the Plaintiffs and Defendants in this action, and the amount in controversy is in excess of $75,000. This Court therefore has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a)(1).

8. The cause of action contained in this Complaint arose in Sevier County, Tennessee. Therefore, venue properly lies with this Court pursuant to 28 U.S.C. § 1391(b)(2).

J TSR 136196 v1
2832070-000007 09/20/2013

Facts

9. DFS retained the Defendants to represent Discover's interests in collecting money owed on credit card accounts pursuant to certain Cardmember Agreements.

10. DFS entered into a contract (hereinafter the "Contract") with Defendant John M. Richardson, Jr., P.C., which provided the terms pursuant to which Defendants could pursue collection cases on behalf of Discover. Defendants have a copy of the Contract in their possession.

11. Among other things, the Contract provided that Defendants "shall cease collection efforts on, and return to DFS for further handling, any case: six months after the Account has been placed if a judgment has not been obtained." Contract ¶ 2(h)(iii).

12. The Contract also provided that Defendants "shall indemnify and hold DFS and Discover Bank, its affiliates, employees, successors & assigns harmless from any damages, losses (including reasonable attorneys' fees and costs), claims or complaints incurred by DFS or Discover Bank arising out of John Richardson, Jr., P.C. breach of the agreements, covenants and warranties contained herein, any negligent, reckless or willful acts or omissions of John Richardson, Jr., P.C. in connection with services rendered hereunder, or any violations by John Richardson, Jr., P.C. of federal, state or local laws . . . ." Contract ¶ 11(a).

13. Pursuant to Discover's agreement with Defendants, on or about March 23, 2006, Defendants filed a Complaint on behalf of Discover against Joy A. Morgan in the Morgan Case. The Complaint against Morgan sought Sixteen Thousand Three Hundred Forty-One and 52/100 Dollars ($16,341.52), plus interest, fees, and costs.

14. More than six months elapsed after assignment of the Morgan account without Defendants obtaining a judgment, but Defendants did not cease collection efforts and return the case to Discover for further handling.

15. On or about January 31, 2007, Morgan, through counsel, filed an Answer and Counter-Complaint. Morgan's Counter-Complaint asserted claims against Discover for libel, violation of the Fair Debt Collections Practices Act, violation of the Fair Credit Reporting Act, and violation of the Tennessee Consumer Protection Act. Morgan's Counter-Complaint sought actual damages of $250,000, punitive damages of $500,000, attorneys' fees, and costs.

16. Defendants requested and received an extension of time until April 2, 2007, to file an Answer to the Counter-Complaint. However, Defendants did not file a response to Morgan's Counter-Complaint as required by Tenn. R. Civ. P. 12.01 by April 2, 2007.

17. On or about May 4, 2007, Morgan, through counsel, filed a Motion for Default Judgment against Discover as well as a corresponding Notice of Hearing advising Defendants that a hearing on the Motion for Default Judgment would take place on May 22, 2007. This Motion for Default Judgment was filed because Defendants had not filed an answer to Morgan's Counter-Complaint.

18. Defendants received the Motion for Default Judgment and related Notice of Hearing, but took no action concerning the Motion for Default Judgment, including but not limited to failing to file a response to the Motion for Default Judgment and failing to request leave of Court to file an answer to Morgan's Counter-Complaint. Discover was unaware that the Motion for Default Judgment had been filed.

19. On or about May 22, 2007, the hearing on Morgan's Motion for Default Judgment took place. Defendants did not appear to represent Discover at the hearing. Accordingly, at the

4

conclusion of the hearing, Morgan's Motion for Default Judgment was granted, an Order of Default Judgment was entered against Discover on Morgan's Counter-Complaint the same day, and the matter was set for an ex parte hearing on damages to take place on July 13, 2007.

20. Discover was unaware that a default judgment had been entered against it.

21. On or about June 8, 2007, Defendants filed a Motion to Set Aside Default Judgment pursuant to Tenn. R. Civ. P. 60.02, stating that the hearing on the Motion for Default Judgment had been erroneously calendared on the wrong date due to an inadvertent error in Defendants' office. Discover was unaware of the Motion to Set Aside Default Judgment.

22. On or about February 18, 2008, Defendants filed an Amended Motion to Set Aside Default Judgment setting forth for the first time facts relevant to Discover's meritorious defenses to Morgan's counterclaims. On the same day, Defendant also filed a Response to the Counter-Complaint that had been filed against Discover more than a year prior thereto. Discover was unaware of the Amended Motion to Set Aside Default Judgment.

23. On or about February 22, 2008, the trial Court orally denied the Motion to Set Aside Default Judgment and Amended Motion to Set Aside Default Judgment filed by Defendants on behalf of Discover. Discover was unaware of the trial Court's action, and remained unaware that a default judgment had ever been sought or entered against it.

24. On or about March 17, 2008, Morgan, through counsel, filed a Motion to Dismiss Discover's Complaint Against Joy A. Morgan. Discover was unaware that the Motion to Dismiss its Complaint had been filed.

25. On or about March 20, 2008, the trial court signed and entered an Order dismissing with prejudice Discover's Complaint against Morgan. On or about April 22, 2008,

5

Defendants filed a motion on behalf of Discover requesting the trial court to set aside its Order of Dismissal entered on or about March 20, 2008. Discover was unaware of either of these actions.

26. On or about April 4, 2008, the trial Court signed and entered an Order denying Discover's Motion to Set Aside Default Judgment, memorializing the Court's ruling at the February 22, 2008 hearing. On or about April 29, 2008, the Court conducted a hearing on damages relative to the default judgment and Discover's motion to set aside the dismissal of its Complaint against Morgan. At the hearing, the trial Court denied Discover's motion to set aside the dismissal of its Complaint, and assessed damages of $375,600 and attorneys' fees of $4,460 against Discover. A Final Order reflecting the Court's ruling at the April 29, 2008 hearing was entered on June 3, 2008.

27. Discover was unaware that a default judgment was entered against it, that its Complaint against Morgan had been dismissed, and that damages had been awarded against Discover, until on or about May 1, 2008, two days after the final hearing conducted by the Court and almost one year after the default judgment was entered.

28. Discover terminated its attorney-client relationship with Defendants on or about May 6, 2008 and retained new counsel to represent it in the Morgan Case.

29. Between May 2008 and early 2013, successor counsel for Discover pursued relief from the default judgment in the trial court, the Tennessee Court of Appeals, and the Tennessee Supreme Court, and the Morgan case was eventually resolved in early 2013 following the Tennessee Supreme Court's decision and remand of the case to the trial court. Discover incurred over $300,000 in litigation costs in connection with its protracted efforts to obtain relief from the default judgment entered against it due to Defendants' negligence.

## Claims for Relief

30. Defendants' actions in the Morgan case in failing to timely respond to Morgan's Counter-Complaint; failing to timely respond to Morgan's Motion for Default Judgment; failing to appear at the hearing noticed on the Motion for Default Judgment; and failing to inform their client, Discover, of any of the events associated with the Default Judgment and subsequent efforts to set it aside, all fell below the accepted standard of care for an attorney handling a litigation matter in Tennessee and constitute, at a minimum, negligence and legal malpractice.

31. Defendants' actions as set forth above reflected negligent disregard of the Tennessee Rules of Civil Procedure and the local rules for the Circuit Court of Sevier County, Tennessee.

32. As a result of Defendants' negligent acts, Discover had a default judgment entered against it in the Morgan Case in the amount of $375,600 and $4,460 for attorneys' fees, and Discover was forced to retain new counsel to seek relief from the default judgment in the Morgan Case, both in the trial Court and on appeal.

33. Defendants are liable to Discover for all attorneys' fees, litigation costs, and other damages incurred by Discover in connection with the default judgment entered in the Morgan Case and Discover's subsequent efforts to obtain relief from the default judgment, all of which costs and expenses were proximately caused by Defendants' negligence and disregard of their professional obligations. Defendants are also liable to Discover for any fees paid to Defendants for legal services negligently performed.

34. Defendants' actions in failing to timely respond to Morgan's Counter-Complaint; failing to timely respond to Morgan's Motion for Default Judgment; failing to appear at the hearing noticed on the Motion for Default Judgment; and failing to inform their client, Discover,

7

of any of the events associated with the Default Judgment and subsequent efforts to set it aside, also constituted a breach of the Contract between Discover and Defendants.

35. Defendants are also liable to Discover for its attorneys' fees and litigation costs incurred in pursuing this malpractice action by virtue of Defendants' obligation under the Contract to indemnify Discover for all damages and losses, including attorneys' fees, arising out of Defendants' negligent performance of services under the Contract.

WHEREFORE, the foregoing premises considered, Discover respectfully prays:

1. That the Clerk of this Court issue process against Defendants, commanding them to answer within the time provided by law;

2. That, after all proceedings are had, the Court enter a Judgment granting to Discover the relief requested as set forth above, including but not limited to a money judgment in an amount sufficient to cover all of Discover's attorneys' fees and litigation costs associated with attempting to obtain relief from the default judgment entered against it in the Morgan Case;

3. That the Court award Discover its attorneys' fees and litigation costs incurred in this malpractice case;

4. That Court costs be assessed against Defendants;

5. For a jury to try this cause; and

6. For such other and further legal and equitable relief as the Court may deem just and proper.

Respectfully submitted,

/s/Ronald S. Range, Jr.
Ronald S. Range, Jr., BPR No. 013928
Chad E. Wallace, BPR No. 021741
BAKER, DONELSON, BEARMAN,
CALDWELL & BERKOWITZ, P.C.
Tri-Cities Tennessee/Virginia
100 Med Tech Parkway
Suite 200
Johnson City, Tennessee  37604
423.928.0181

and

Gary C. Shockley, BPR No. 010104
BAKER, DONELSON, BEARMAN,
CALDWELL & BERKOWITZ, P.C.
211 Commerce Center
Suite 1000
Nashville, Tennessee  37201
615.726.5600

*Attorneys for Plaintiffs, Discover Bank and DFS Services LLC*